T.C. Memo. 2004-168

UNITED STATES TAX COURT

PEGGY A. FARLEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6897-03L.                    Filed July 19, 2004.

Peggy A. Farley, pro se.

<u>Brian D. Derdowski</u>, for respondent.


MEMORANDUM OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  This matter is before
the Court on respondent's motion for summary judgment, filed
pursuant to Rule 121.[1]  As explained in more detail below we
shall grant such motion.

---

[1]  Section references are to the Internal Revenue Code, as
amended.  Rule references are to the Tax Court Rules of Practice
and Procedure.

## Background

The petition in this case was timely filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 with respect to the taxable years 1992 through 1997. At the time the petition was filed herein, petitioner resided in Newton, New Jersey. While the tax returns are not part of the record in this case, our recitation of the background of the case is based in part upon IRS transcripts of account. The facts do not appear to be in dispute.

Petitioner's 1990 and 1991 Federal income tax returns were filed September 20, 1993. The returns each reflected a balance due after withholding; the taxes shown on the returns, plus interest and estimated tax penalty, were assessed. The balances due for 1990 and 1991 were ultimately paid in full by January 1999, after periodic payments and overpayment offsets from years after 1991.

Petitioner's 1992 through 1996 returns were filed as follows:

| Year | Date of Filing of Return |
|------|--------------------------|
| 1992 | Oct. 10, 1994 |
| 1993 | Nov. 28, 1994 |
| 1994 | Apr. 27, 1998 |
| 1995 | July 27, 1998 |
| 1996 | July 27, 1998 |

While there were withheld taxes and payment credits, a balance is due and owing with respect to each of the taxable years 1992 through 1996.

The 1997 tax return was filed on August 3, 1998. While petitioner's account was credited with some withholding tax, a balance was reflected as due on the return. An additional tax was assessed on February 28, 2000, based on an agreement by petitioner. A balance remains due.

On January 3, 1999, petitioner filed amended returns for the taxable years 1990, 1991, 1992, and 1993. Petitioner claimed a casualty loss for 1990, which she sought to carry forward to the taxable years 1991 through 1993.

On November 17, 1999, respondent notified petitioner of a proposed disallowance of the claimed casualty loss. On December 13, 1999, respondent issued a letter to petitioner advising of the right to an Appeals Office hearing with respect to the disallowance. Petitioner requested a hearing before the Appeals Office. By letter dated November 2, 2000, respondent's Appeals Office advised petitioner that the claim was disallowed on the merits and further indicated as follows:

> If you wish to bring suit or proceedings for the recovery of any tax, penalties or other moneys for which this disallowance notice is issued, you may do so by filing such a suit with the United States District Court having jurisdiction, or with the United States Court of Federal Claims. The law permits you to do this within 2 years from the mailing date of this letter. However, if you signed a waiver of the notice

of claim disallowance (Form 2297), the period for
bringing suit began to run on the date you filed the
waiver.

In an attachment to the letter, respondent explained the basis
for the disallowance. Petitioner did not file suit with the
United States District Court or the United States Court of
Federal Claims.

On February 22, 2001, respondent sent to petitioner a Final
Notice of Intent to Levy and Notice of Your Right to a Hearing.
The amounts listed as owing were set forth on the second page of
the letter as follows:

| TYE Amount Dec. 31 | Unpaid Amount from Prior Notices | Additional Penalty & Interest | You Owe |
|---|---|---|---|
| 1992 | $23,074.30 | $31,031.44 | $54,105.74 |
| 1993 | 32,723.25 | 29,164.71 | 61,887.96 |
| 1994 | 32,639.49 | 9,996.45 | 42,635.94 |
| 1995 | 33,669.86 | 10,483.24 | 44,153.10 |
| 1996 | 31,933.14 | 11,484.01 | 43,417.15 |
| 1997 | 22,862.00 | 10,740.11 | 33,602.11 |
| Total: | | | 279,802.00 |

Petitioner requested a hearing by letter dated March 19, 2001.
On June 14, 2002, an IRS revenue officer had a telephone
conference with petitioner's representative concerning the
February 22, 2001, letter from the IRS. On April 7, 2003,
respondent sent petitioner a Notice of Determination Concerning
Collection Action(s) Under Section 6320 and or 6330 (notice of
determination), with respect to the taxable years 1992 through

1997.  As indicated, a timely petition was filed in response thereto.[2]

The petition in this case, timely filed on May 8, 2003,[3] in response to the notice of determination raises only issues of the underlying tax liability as claimed by petitioner in the amended returns for 1990 through 1993.  Petitioner asserts that she is entitled to a casualty loss for 1990.

Respondent's motion for summary judgment was set for hearing, and the parties appeared and presented argument.  Also, petitioner filed an objection to the motion.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  See Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be granted with respect to all or any part of the legal issues in

---

[2] During the period of the collection proceeding, petitioner also sent to respondent a letter dated May 23, 2002, and Form 843, Claim for Refund and Request for Abatement, dated May 17, 2002, requesting  abatement of interest and penalties for the taxable years 1992 through 1999.  By letter dated Nov. 6, 2002, respondent issued a letter of final determination to petitioner disallowing the interest abatement claim under sec. 6404(e)(1). The letter advised petitioner of a right to file a petition with the Tax Court.  The petition filed in this case does not make any reference to the request for interest abatement or the claim disallowance, nor was a copy of such correspondence attached to the petition.

[3]  The envelope in which the petition was contained reflects that it was received by Federal Express (priority overnight) on May 6, 2003.  The timely mailing, timely filing provisions apply. See sec. 7502(a), (f); IRS Notice 2001-62, 2001-2 C.B. 307.

controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. See Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). We are satisfied from our review of the record that there is no genuine issue as to any material fact.

Section 6330 generally provides that the Commissioner cannot proceed with collection of tax by levying upon the property of any person until the person has been given notice and the opportunity for an administrative review of the matter. See Goza v. Commissioner, 114 T.C. 176, 179 (2000). Section 6330(d) provides for judicial review of the administrative determination in the Tax Court or a Federal District Court, as may be appropriate.

Section 6330(c) prescribes the matters that a person may raise at an Appeals Office hearing. Section 6330(c)(2)(A) provides that a person may raise collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection. See Montgomery v. Commissioner, 122 T.C. 1, 5 (2004); Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, supra. In addition, section 6330(c)(2)(B) establishes the circumstances under which a person may challenge the existence or amount of his or her underlying tax liability. Section 6330(c)(2)(B) provides:

> (2). Issues at hearing.--
>
> * * * * * * *
>
> (B) Underlying Liability.--The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

In Montgomery v. Commissioner, supra, we were called upon to decide the meaning of the term "underlying tax liability". In that case we held that the amount the taxpayers reported due on their tax return along with statutory interest and penalties constituted the underlying tax liability. As the taxpayers in Montgomery did not receive a notice of deficiency, we had to further decide, whether they "did not otherwise have an

opportunity to dispute such tax liability". The taxpayers argued before the IRS that they had overstated their tax liability for the taxable year 2000 on their original return and intended to submit an amended return. Although the parties agreed that the taxpayers would be permitted to submit an amended return, the IRS Appeals Office issued the taxpayers a notice of determination concerning collection action before the taxpayers submitted an amended return. The taxpayers subsequently submitted an amended return, but the record did not reflect whether the IRS considered it.

We concluded in Montgomery that, as of the time of the issuance of our opinion, the taxpayers had not had an opportunity to dispute the underlying tax liability. We opined that since the taxpayers did not have an earlier opportunity to dispute the underlying tax liability, they came within the provisions of section 6330(c)(2)(B) and could dispute the assessed amounts reflected on the tax return in the context of the collection proceeding.

In the present case, petitioner filed amended returns for 1990 through 1993 claiming a refund of taxes for those years. Petitioner was notified by the IRS of a proposed disallowance and was given an opportunity for a hearing in the IRS Appeals Office. On November 2, 2000, the IRS Appeals Office issued a notice of disallowance which explained that if petitioner disagreed with

the claim disallowance, that she had the right to file a suit for refund in either the United States District Court or the United States Court of Federal Claims.  The record does not reflect that any suit was filed seeking a refund.

Petitioner asserts in her objection that:

9.  Pursuant to receipt of respondent's appeals action, petitioner hired an attorney to conduct further action, especially court actions.  Petitioner was not kept informed of the attorney's actions by the attorney and assumed that appropriate action was being taken.

10.  Petitioner maintains that there should have been an appeal before the United States District Court relating to her case.  Petitioner believes that the Court's decision related to the appeal would have been favorable to petitioner.

This case is clearly distinguishable from Montgomery.  After submitting the amended returns, petitioner was given an opportunity to have the claim for refund considered by the IRS Appeals Office.  Further, upon receipt of the notice of claim disallowance dated November 2, 2000, petitioner was provided an opportunity to dispute the underlying tax liability by filing a suit for a refund in the United States District Court or the United States Court of Federal Claims.  Petitioner did not file a suit for refund.

Based on the foregoing we are satisfied that petitioner had an opportunity to dispute the underlying tax liability within the meaning of section 6330(c)(2)(B), and, accordingly, we agree with respondent that petitioner is not entitled to challenge the

underlying liability in this proceeding. <u>Goza v. Commissioner</u>, 114 T.C. 176 (2000). Furthermore, petitioner has not raised an issue of a spousal defense, made a challenge to the appropriateness of respondent's intended collection action, or offered alternative means of collection. These issues are now deemed conceded. Rule 331(b)(4). Under these circumstances, we conclude that respondent is entitled to judgment as a matter of law sustaining the notice of determination.

An appropriate order and decision will be entered that respondent may proceed with collection action as determined in the Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 for the taxable years 1992 through 1997, dated April 7, 2003.

<u>An appropriate order and decision will be entered</u>.